ANTONIO CAJIGAS LLAMAS ET AL., demandantes y recurridos, *v.* CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA DE PUERTO RICO, demandada y recurrente.

*Número:* R-73-127      *Resuelto:* 22 de octubre de 1974

*Benjamín Rodríguez Ramón, Teodoro Peña García, Raúl Barquet Trujillo, Ildefonso Mora Ramírez, Jorge Santos Santiago, Rafael Oller Monclova, Natalio García Guzmán, Rafael Alvarez Fortuño, Lilliam Jiménez Navedo y Enrique D. Angulo Sabater,* abogados de la recurrente; *Yamil Galib Frangie,* abogado de los recurridos.

PER CURIAM: Los recurridos fueron separados de sus empleos por el Director de la Autoridad Municipal de Hogares de

Mayagüez mediante la formulación de cargos. Se les imputó abandono del servicio. La Junta de Directores de la Corporación de Renovación Urbana y Vivienda, sucesora de la Autoridad Municipal, celebró vistas públicas para conocer de los cargos formulados. Confirmó la actuación del Director. Los empleados recurrieron al Tribunal Superior, Sala de San Juan, la cual revocó la resolución dictada por la Junta. Acordamos revisar.

Al revocar el Tribunal Superior expresó que "convenimos con los demandantes en que la prueba que tuvo ante sí la Junta de Directores de la Corporación de Renovación Urbana y Vivienda . . . resulta insuficiente para sustanciar los cargos originalmente formulados . . . por el Director Ejecutivo de la extinta Autoridad Municipal sobre Hogares de Mayagüez. Los testigos utilizados para sustanciar aquellos cargos se limitaron a declarar que vieron a los querellados 'piqueteando' la oficina del señor Latoni, Director Ejecutivo de dicha autoridad municipal, en un acto de protesta. . . ."

Hemos leído la transcripción de la prueba que tuvo ante sí la Junta al celebrar la vista sobre los cargos formulados por el Director de la Autoridad Municipal y de la misma surge que hay evidencia para sostener la conclusión de la Junta en todos los casos excepto en el de Antonio Vicéns Castillo, que estaba disfrutando de vacaciones durante el período en que ocurrieron los hechos que dieron base a la formulación de cargos.

La evidencia demostró que los empleados recurridos estuvieron ausentes de sus trabajos por 34 días, desde el 17 de abril hasta el 21 de mayo de 1957, que como consecuencia de sus ausencias hubo entorpecimiento en el funcionamiento de la agencia; que la vida normal en el caserío se afectó "porque hubo altoparlantes y hubo hojas sueltas instándole a que no pagaran a los inquilinos"; que no se realizaban las reparaciones que continuamente hay que hacer en los apartamientos con motivo de roturas y desperfectos. Se exhibieron cartelones

que expresaban "Desaparezcan los sueldos de Hambre", "No más atropellos", "Latoni no sirve para Director Ejecutivo".

Evidentemente se trataba de una huelga con piquetes durante un período de 34 días. El juez de instancia concluyó que "la conducta de los recurrentes [ante el tribunal de instancia] . . . no justificaba su despido, dicha conducta fue una permisible y legítima ante la letra y el espíritu del Reglamento que cubría su trabajo." No tiene razón el Juez recurrido. El Reglamento no los autoriza a abandonar el trabajo, asumir una actitud de huelga y a entorpecer el funcionamiento de la agencia. Dispone el Reglamento:

"13. *EMPLOYEE RELATIONS*. Employees shall have the right to designate representatives of their own choosing. Employees shall be free to join, or refrain from joining, employee unions. In so doing, employees shall be assured freedom from restraint, interference, discrimination, and reprisal.

15. *GRIEVANCES*. a. *Right of Employees*. Employees shall have the right to present grievances, individually, as a group, or through their designated representatives. In so doing, employees shall be assured of freedom from restraint, interference, discrimination, and reprisal. Such grievances shall be presented only through the established lines of authority."

Las disposiciones antes transcritas solamente autorizan a los empleados a presentar sus quejas, bien individualmente o a través de la unión y sólo mediante los canales oficiales, siempre garantizándole a los empleados que no habrá discriminación o represalias o impedimento alguno para expresar sus agravios. Pero no los autoriza a abandonar sus trabajos y a incitar a los inquilinos para que no paguen sus rentas.

Estando sostenida la resolución de la Junta de Directores de la Corporación de Renovación Urbana y Vivienda por la evidencia, *se revocará la sentencia dictada por el Tribunal Superior excepto en cuanto al empleado Antonio Vicéns Castillo.*

El Juez Asociado, Señor Torres Rigual, no intervino.